Nies, Judge,
concurring:
Although I agree with the result reached by the majority in this case, I feel that the facts merit a few further comments.
As the majority points out, the feaa appears to have based its decision, and the penalty accorded Mr. Hilchey, in part at least upon his disobeying his supervisor’s order to leave the base. Had he obeyed the unqualified order of the supervisor, Mr. Marshall, he would have been deprived of contemporary evidence to counter any charge by Mr. Marshall that he was unfit for service. It should be emphasized that Mr. Hilchey did leave the base pursuant to order as soon as he had received a clean bill of health at the shipyard clinic as to his fitness for duty. He left within an hour of receiving Mr. Marshall’s order, and he left without creating any further disturbance. Therefore, I agree with the majority that this matter needs further scrutiny to determine whether Mr. Hilchey was penalized for taking reasonable steps to protect his interests in the face of an order that appears to have been made not for the benefit of the service but merely to weaken Mr. Hilchey’s position.
I cannot agree, moreover, that the feaa’s explanation of the circumstances surrounding the shouting incident is supported by the record. The importance of the finding on this matter lies in the feaa’s reliance on this incident to justify the severity of Mr. Hilchey’s penalty. The FEAA noted that the agency imposed the penalty of termination because "the unprovoked emotional outbus ts [sic] on February 1[1] and 2, 1977, under normal working conditions made it unadvisable to entrust [Mr. Hilchey] with a firearm because his inability to control his temper could cause *952 severe bodily injury to himself and others.” Hilchey, feaa App. No. BN752B30002 at 3 (decided Oct. 4, 1977) (emphasis added). If the February 2 incident was provoked by Mr. Marshall’s knocking the cigar butt from Mr. Hilchey’s mouth and goading Mr. Hilehey to continue his tirade, the gravity of his offense must be assessed differently since the outburst cannot be said to be "unprovoked” or "under normal working conditions.”
A review of the record indicates no independent verification of Mr. Marshall’s self-serving testimony that he did not knock the cigar butt out of plaintiffs mouth.[2] Two witnesses testified to having seen Mr. Marshall strike the butt from plaintiffs mouth. A third, Chief Silveira, saw the cigar butt fly across the room and heard Mr. Hilehey heatedly exclaim that Mr. Marshall had knocked it out of his mouth. In the face of this direct testimony, feaa’s explanation of what transpired is pure speculation, unsupported by substantial evidence in the record.
In view of the importance of the shouting incident in determining the appropriate penalty for Mr. Hilchey’s offense, I consider the deficiency in the findings on this incident grounds in itself for remand.
Accordingly, in order to determine whether the agency’s penalty of termination furthered the efficiency of the service, the case should be remanded for new findings based on the record, not on speculation: (1) whether Mr. Hilehey reasonably complied with his supervisor’s order to leave the premises and (2) whether Mr. Marshall provoked the February 2 outburst by the cigar butt incident.

 The confrontation with the Kittery police on February 1, 1977, was not relied upon as a ground for termination by feaa.

 Concerning the propriety of smoking in the presence of his supervisor, it appears Mr. Hilehey had not yet gone on duty at the time of the interview.